IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-CR-01041-CJW-MAR |
| | ) | |
| vs. | ) | |
| | ) | |
| MARVELL DESHAWN McCLENDON, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION OF THE UNITED STATES FOR A
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by its undersigned counsel, respectfully

submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case

for the reasons set forth below. A proposed order is submitted under separate

cover.

1. On September 23, 2025, an Indictment was filed charging defendant,

Marvell Deshawn McClendon, with one count (Count 1) of Possession of a Firearm

by a Felon, in violation of Title 18, United States Code, Section 922(g)(1). (Doc. 3).

2. The Indictment included a forfeiture allegation seeking forfeiture of

any firearm and ammunition involved in or used in the knowing violation of Title

18, United States Code, Section 922(g)(1). The following firearm was possessed by

defendant on or about February 28, 2025:

**A Glock 19 Gen 5, 9x19mm caliber pistol.**

3. The Court's jurisdiction in this matter is founded upon 18 U.S.C. § 924

(d)(1), and 28 U.S.C. § 2461(c). 18 U.S.C. § 924(d)(1) provides in part:

Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence, shall be subject to seizure and forfeiture, and all provisions of the Internal Revenue Code of 1986 relating to the seizure, forfeiture, and disposition of firearms, as defined in Section 5845(a) of that Code, shall, so far as applicable, extend to seizures and forfeitures under the provisions of this chapter . . . .

28 U.S.C. § 2461(c) states:

If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the Indictment or information pursuant to the Federal Rules of Criminal Procedure.   If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

4.      Rule 32.2(b)(1)(A) and (B), (b)(2)(A) and (B), and (b)(3), and (b)(4)(A)

and (B) Federal Rules of Criminal Procedure, state that:

**(b)   Entering a Preliminary Order of Forfeiture.**

**(1)   Forfeiture Phase of the Trial.**

**(A)   Forfeiture Determinations.**   As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an Indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.   If the

2

government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

**(B)  Evidence and Hearing.**  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

**(2)  Preliminary Order.**

**(A)  Contents of a Specific Order.**  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

**(B)  Timing.**  Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

**(3)  Seizing Property.**  The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

**(4)  Sentence and Judgment.**

**(A)  When Final.**  At sentencing—or at any time before sentencing if the defendant consents—the preliminary forfeiture order becomes final as to the defendant. If the order directs the defendant to forfeit specific property, it remains preliminary as to third parties

3

until the ancillary proceeding is concluded under Rule 32.2(c).

**(B)** **Notice and Inclusion in the Judgment.** The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.

5. Based upon the guilty plea entered by defendant on December 22, 2025, to Count 1 of the Indictment (Doc. 23), and the finding also on December 22, 2025, by Magistrate Judge Mark A. Roberts that the Government has established the requisite nexus between the property described in the forfeiture allegation and defendant's offense (Doc. 24), and the Court's acceptance of Judge Roberts' Report and Recommendation on January 6, 2026, (Doc. 26), the United States has established the requisite nexus between the property and the offense to which the defendant has been convicted. Accordingly, the firearm listed in paragraph 2 is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

6. Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Claims, the United States will publish notice for thirty (30) consecutive calendar days on the official Government website: www.forfeiture.gov notice of its intent to dispose of the forfeited property in such manner as the United States Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published

4

notice as to those persons so notified.

7.    In accordance with the provisions of 18 U.S.C. § 924(d)(1) and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the specific property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the firearm described in paragraph 2 and order the United States (or its designee) to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

LEIF OLSON
United States Attorney

By:    */s/ Dillan R. Edwards*

DILLAN R. EDWARDS
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401
319-363-6333 (Phone)
319-363-1990 (Fax)
Dillan.Edwards@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2026, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

By: */s/ B. Kilburg*

5