IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (DUBUQUE) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 25-CR-1041-CJW-MAR |
| | ) | |
| vs. | ) | |
| | ) | |
| MARVELL DESHAWN McCLENDON, | ) | |
| | ) | |
| Defendant. | ) | |

## PRELIMINARY ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1.      As a result of the guilty plea entered by defendant Marvell Deshawn McClendon on December 22, 2025, (Doc. 23) to Count 1 of the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), defendant shall forfeit to the United States any firearm and ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(g)(1).

2.      The Court has determined, based on the guilty plea entered by defendant on December 22, 2025, (Doc. 23), the finding also on December 22, 2025, by Magistrate Judge Mark A. Roberts that the Government has established the requisite nexus between the property described in the forfeiture allegation in the Indictment and defendant's offense, (Doc. 24), and the Court's acceptance of Judge Roberts' Report and

Recommendation on January 6, 2026, (Doc. 26), that the following property seized is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offense:

**A Glock 19 Gen 5, 9x19mm caliber pistol, possessed by the defendant on or about February 28, 2025.**

3. Upon entry of this Order, the United States (or its designee) is authorized to seize the property identified above, whether held by the defendant or by a third party and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the Order and of its intent to dispose of the property pursuant to Rule 32.2(b)(6) of the Rules of Criminal Procedure in accordance with Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure. The United States may also, to the extent practicable, send notice to any person known to have an alleged interest in the subject property pursuant to Rule 32.2(b)(6) and in accordance with Supplemental Rule G(4)(b)(iii-iv) of the Federal Rules of Civil Procedure.

6.    Any person, other than the defendant, asserting a legal interest in the subject property may, within sixty (60) days from the first date of internet publication on www.forfeiture.gov, petition the Court for a hearing without a jury to adjudicate the validity of their alleged interest in the subject property, and for an amendment of the order of forfeiture pursuant to 21 U.S.C. § 853(n).  The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

7.    After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.  When discovery ends, a party may move for a summary judgment under Federal Rules of Civil Procedure 56 pursuant to Fed. R. Crim. P. 32.2(c)(1)(B).

8.    Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment.

3

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 9th day of April, 2026.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa

4